[No. 3425–3.   Division Three.   September 11, 1979.]

*In the Matter of the Personal Restraint of*
KENNETH RAY BUTLER, *Petitioner.*

*Kenneth R. Butler,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *C. Mark Casey, Deputy,* for respondent.

GREEN, C.J.—Kenneth Ray Butler filed a personal restraint petition seeking relief from convictions of second–degree robbery and second–degree assault entered upon his plea of guilty.

Mr. Butler contends he is being held in violation of his constitutional rights under the double jeopardy clause, and therefore, the charges and his convictions should be dismissed.

He was initially charged with first–degree robbery and first–degree assault. Pursuant to a plea bargain, Mr. Butler pleaded guilty to both charges on August 28, 1978, in exchange for a reduction of the charges from first degree to second degree, and the prosecutor's promise to recommend that the sentences run concurrently and that a presentence investigation be ordered. The plea was accepted, and Mr. Butler was sentenced to 10 years on each count to run concurrently.

Mr. Butler argues that the assault charge was necessarily included in the robbery charge, and, therefore, he was twice placed in jeopardy for the same offense in violation of the federal[1] and state[2] constitutions. *See State v. Waldenburg,* 9 Wn. App. 529, 513 P.2d 577 (1973). Further, he claims he was denied effective assistance of counsel because his lawyer allowed him to plead guilty to both offenses despite the double jeopardy problem. In support of his petition, Mr. Butler has appended the statement of the prosecuting attorney indicating the assault arose directly out of the robbery of the victim. Mr. Butler contends cases such as *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975), and *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962), require the charges be dismissed.

It is clear that the charges of second–degree robbery and second–degree assault merge where, as here, the acts of force necessary to commit the robbery are the same as the acts of force alleged in the count charging second–degree assault. *State v. Bresolin, supra*; RCW 9A.56.190[3] and

---

[1]Article 1, section 9 of the Washington State Constitution states: "No person shall be . . . twice put in jeopardy for the same offense."

[2]The fifth amendment to the United States Constitution states, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, . . ."

[3]RCW 9A.56.190 provides:

"A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or

RCW 9A.56.210,[4] defining second–degree robbery, and RCW 9A.36.020,[5] defining second–degree assault. *See also State v. Cunningham,* 23 Wn. App. 826, 860, 598 P.2d 756 (1979). In such a case, the prohibition against double jeopardy prevents the State from charging the defendant with both crimes. In *Bresolin,* the court did not dismiss both charges; instead, it set aside the assault conviction holding that it merged into the robbery charge.

Here, the prosecutor concedes it was error to charge Mr. Butler with first–degree assault and first–degree robbery because both charges arose out of the same facts. Notwithstanding, the prosecutor contends that Mr. Butler's petition should be dismissed because his guilty plea was based upon a plea bargain beneficial to Mr. Butler. In essence, the prosecutor's position is that Mr. Butler's complaints about double jeopardy should be deemed waived by the entry of his plea. We disagree.

---

the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear."

[4]RCW 9A.56.210 provides:
"(1) A person is guilty of robbery in the second degree if he commits robbery.
"(2) Robbery in the second degree is a class B felony."

[5]RCW 9A.36.020 provides:
"(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:
"(a) With intent to injure, shall unlawfully administer to or cause to be taken by another, poison or any other destructive or noxious thing, or any drug or medicine the use of which is dangerous to life or health; or
"(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; or
"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; or
"(d) Shall knowingly assault another with intent to commit a felony; or
"(e) With criminal negligence, shall cause physical injury to another person by means of a weapon or other instrument or thing likely to produce bodily harm.
"(2) Assault in the second degree is a class B felony."

■ A defendant's plea of guilty does not waive a claim that the offense is one which the state may not constitutionally prosecute. *Menna v. New York,* 423 U.S. 61, 46 L. Ed. 2d 195, 96 S. Ct. 241 (1975). *See also Launius v. United States,* 575 F.2d 770 (9th Cir. 1978). *Menna* held that although a guilty plea usually results in a waiver of constitutional violations involving factual guilt, such a plea does not waive a claim that the State cannot constitutionally convict the defendant of the particular charge. As the court said:

> In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does not bar the claim.
>
> We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute.

*Menna v. New York, supra* at 62–63 n.2. Since Mr. Butler's convictions and sentences on both offenses violate the double jeopardy provision of the state constitution, his petition must be partially granted because the assault merged into the robbery.

Accordingly, the conviction and sentence on the assault count are ordered vacated; the conviction and sentence for robbery are affirmed.

MUNSON and MCINTURFF, JJ., concur.