166 P.3d 826 (2007)
STATE of Washington, Respondent,
v.
Richard Arlen HIBDON, Appellant.
No. 25843-2-III.
Court of Appeals of Washington, Division 3.
September 4, 2007.
*827 Richard George Wernette, McAdams Ponti Wernette & Vandorn PS, Walla Walla, WA, for Appellant.
Gabriel Eliud Acosta, Attorney at Law, Walla Walla, WA, for Respondent.
STEPHENS, J.
¶ 1 Richard Hibdon pleaded guilty to one count of delivery of marijuana. The court imposed a standard range sentence of 60 months, but no community placement as required. Claiming the court erred by failing to impose 12 months of community placement, Mr. Hibdon appeals. We reverse and remand for resentencing.

FACTS
¶ 2 On December 4, 1997, the State charged Mr. Hibdon with one count of delivery of methamphetamine and one count of delivery of marijuana. On March 5, 1998, he pleaded guilty to delivery of marijuana. His standard range for this offense was 51-68 months, but the statutory maximum was 60 months. At sentencing, the parties represented that there was no community placement required for this crime. The court sentenced Mr. Hibdon to 60 months' confinement, and did not impose a term of community placement. This sentence was imposed consecutive to a Pierce County sentence.
¶ 3 On December 12, 2006, Mr. Hibdon filed a CrR 7.8 motion, alleging inaccurately that the court had erroneously imposed 12 months of community placement, which would extend his sentence beyond the statutory maximum of 60 months. The court denied the motion. Mr. Hibdon timely appealed.
¶ 4 On appeal, Mr. Hibdon asserts his sentence is unlawful because the court should have imposed a 12-month term for community placement, reducing his term of confinement to no more than 48 months.

ANALYSIS
¶ 5 The question is whether Mr. Hibdon's judgment and sentence is invalid entitling him to relief under CrR 7.8. We review a trial court's decision to deny a CrR 7.8 motion for relief from judgment for abuse of discretion. State v. Olivera-Avila, 89 Wash. App. 313, 317, 949 P.2d 824 (1997). The court abuses its discretion when it adopts a position that is manifestly unreasonable or based on untenable grounds or reasons. State v. Valdobinos, 122 Wash.2d 270, 279, 858 P.2d 199 (1993) (citing State ex rel. Carroll v. Junker, 79 Wash.2d 12, 482 P.2d 775 (1971)).
¶ 6 At the time of Mr. Hibdon's conviction, former RCW 9.94A.120(9)(a) (1997) (recodified at RCW 9.94A.700(1)(b)(iv)) required the *828 court to sentence Mr. Hibdon to 12 months of community placement:
When a court sentences a person to a term of total confinement to the custody of the department of corrections for an offense categorized as a sex offense or a serious violent offense committed after July 1, 1988, but before July 1, 1990, assault in the second degree, assault of a child in the second degree, any crime against a person where it is determined in accordance with RCW 9.94A.125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission, or any felony offense under chapter 69.50 or 69.52 RCW not sentenced under subsection (6) of this section, committed on or after July 1, 1988, the court shall in addition to the other terms of the sentence, sentence the offender to a one-year term of community placement beginning either upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned early release in accordance with RCW 9.94A.150 (1) and (2). When the court sentences an offender under this subsection to the statutory maximum period of confinement then the community placement portion of the sentence shall consist entirely of such community custody to which the offender may become eligible, in accordance with RCW 9.94A.150 (1) and (2). Any period of community custody actually served shall be credited against the community placement portion of the sentence.
(Emphasis added.)
¶ 7 The State concedes it was error not to include a community placement provision at sentencing. This court has the authority, as well as the duty, to correct errors on the face of a judgment and sentence. See State v. Ford, 137 Wash.2d 472, 477-78, 973 P.2d 452 (1999); see also State v. Loux, 69 Wash.2d 855, 858, 420 P.2d 693 (1966), overruled in part by State v. Moen, 129 Wash.2d 535, 545, 919 P.2d 69 (1996).
¶ 8 Mr. Hibdon argues that in order to impose the required 12-month term of community placement, this case must be remanded to direct the trial court to reduce his term of confinement to 48 months, so that the entire sentence does not exceed the statutory maximum of 60 months. We disagree.
¶ 9 "[A trial] court may not impose a sentence providing for a term of confinement or community supervision or community placement [that] exceeds the statutory maximum for the crime." Former RCW 9.94A.120(13) (1997). However, a defendant may be sentenced to a term of confinement for the statutory maximum and also to community placement; in such instances, former RCW 9.94A.120(9)(a) provides that the term of community placement "shall consist entirely of such community custody to which the offender may become eligible." For such a sentence to be valid, the judgment and sentence should set forth the statutory maximum and clearly indicate that the term of community placement does not extend the total sentence beyond that maximum. State v. Sloan, 121 Wash.App. 220, 224, 87 P.3d 1214 (2004); see also State v. Vanoli, 86 Wash.App. 643, 654-55, 937 P.2d 1166, review denied, 133 Wash.2d 1022, 950 P.2d 478 (1997). Where the judgment and sentence does not so indicate, an appropriate remedy is to remand for clarification of the sentence. Sloan, 121 Wash.App. at 224, 87 P.3d 1214. Another option is to remand for resentencing. State v. Zavala-Reynoso, 127 Wash. App. 119, 124, 110 P.3d 827 (2005).
¶ 10 Here, the court did not impose any term of community placement. Thus, this is not a situation in which there is merely a need for clarification. When a sentence is imposed that does not conform to the statutory mandate regarding a required period of community placement, remand for amendment of the judgment and sentence is the proper course. State v. Broadaway, 133 Wash.2d 118, 136, 942 P.2d 363 (1997). "Further, because the trial court was mistaken about the period of community placement required by law, resentencing is appropriate to allow the trial judge to reconsider the length of the standard range sentence in light of the correct period of community placement required." Id.
¶ 11 The trial court and the parties were mistaken about the required period of *829 community placement. The trial judge should be given the opportunity to resentence Mr. Hibdon. While the court may resentence Mr. Hibdon to a lesser term of confinement, as he requests, it is not required to do so. Another permissible option under the statute would be to impose the statutory maximum term of confinement with community placement consisting entirely of "such community custody to which the offender may become eligible, in accordance with RCW 9.94A.150 (1) and (2)." Former RCW 9.94A.120(9)(a). How to sentence Mr. Hibdon within the structure of the governing statutes is a matter we leave to the trial court's discretion. State v. Strauss, 119 Wash.2d 401, 411, 832 P.2d 78 (1992).

ADDITIONAL GROUNDS FOR REVIEW
¶ 12 Mr. Hibdon filed a pro se statement of additional grounds for review addressing the validity of his sentence and underlying plea in light of the misunderstanding about the community placement component. His statement also addresses the trial court's power to correct the erroneous sentence at this time. Our holding that the trial court erred in failing to correct his sentence pursuant to the CrR 7.8 motion answers most of Mr. Hibdon's arguments.
¶ 13 We specifically note that Mr. Hibdon's CrR 7.8 motion was not time-barred. "Generally, collateral attacks on judgments and sentences are prohibited if not brought within one year after becoming final." In re Pers. Restraint of LaChapelle, 153 Wash.2d 1, 6, 100 P.3d 805 (2004) (citing RCW 10.73.090(1)). However, the one-year statutory limit is not applicable to judgments and sentences that appear facially invalid. In re Pers. Restraint of Goodwin, 146 Wash.2d 861, 866, 50 P.3d 618 (2002); RCW 10.73.090. Because the court did not impose a term of community placement as required, the sentence was facially invalid and subject to correction at this time. See Ford, 137 Wash.2d at 479-80, 973 P.2d 452.
¶ 14 We decline to address separately Mr. Hibdon's argument challenging the validity of his guilty plea, because he is not seeking to withdraw his plea. He asks only that this matter be remanded for resentencing. Because we hold he is entitled to be resentenced, further discussion of this issue is unnecessary to the resolution of this case.

CONCLUSION
¶ 15 The trial court erred by not imposing community placement as part of Mr. Hibdon's sentence. We reverse the trial court and remand this matter for resentencing consistent with the provisions of the sentencing reform act in effect at the time of Mr. Hibdon's original sentence.
WE CONCUR: SCHULTHEIS, A.C.J., and KULIK, J.