196 P.3d 742 (2008)
STATE of Washington, Respondent,
v.
Thomas Bradley TORNGREN, Appellant.
No. 26561-7-III.
Court of Appeals of Washington, Division 3.
November 25, 2008.
*744 Dennis W. Morgan, Attorney at Law, Ritzville, WA, for Appellant.
Mark Erik Lindsey, Spokane County Prosecuting Attorney's Office, Spokane, WA, for Respondent.
SWEENEY, J.
¶ 1 The question of same criminal conduct has been viewed as subject only to the abuse of discretion standard. Nonetheless, cases passing on the question appear to apply something more akin to de novo review. Here, the defendant challenges the inclusion of a number of prior convictions in his criminal history. He argues that they should have been counted as the same criminal conduct when calculating his offender score for his current sentence. We disagree. The defendant also contends that his sentence for third degree assault exceeds the statutory maximum. We affirm his judgment and sentence but remand it for clarification that his total confinement and community custody will not exceed 60 months.

FACTS
¶ 2 A judge, sitting without a jury, found Thomas B. Torngren guilty of third degree assault and attempting to elude a police vehicle. Mr. Torngren and the State disagreed on the proper offender scores for his sentence. Mr. Torngren's criminal history consisted of 12 prior offenses. It included two juvenile adjudications from 1994 for third degree assault and attempted second degree robbery. It also included two convictions as an adult for second degree assault and second degree robbery in 1996.

-----------------------------------------------------------------
Date Sentencing
of Crime Crime Date
-----------------------------------------------------------------
06/08/2002 Harassment 01/16/2003
-----------------------------------------------------------------
06/08/2002 Residential Burglary 01/16/2003
-----------------------------------------------------------------
06/08/2002 Solicitation of Perjury 1 01/16/2003
-----------------------------------------------------------------
12/18/1996 Robbery 2 02/12/1997
-----------------------------------------------------------------
12/18/1996 Robbery 1 02/12/1997
-----------------------------------------------------------------
08/19/1995 Assault 2 01/09/1996
-----------------------------------------------------------------
08/19/1995 Robbery 2 01/09/1996
-----------------------------------------------------------------
02/24/1994 Assault 3 (Juvenile) 03/24/1994
-----------------------------------------------------------------
02/24/1994 Attempted Robbery 2
 (Juvenile) 03/24/1994
-----------------------------------------------------------------
10/13/1992 Theft 1 (Juvenile) 10/29/1992
-----------------------------------------------------------------
10/19/2005 DUI (Misd.) 12/05/2005
-----------------------------------------------------------------
09/02/2005 Reckless Driving (Misd.) 12/05/2005
-----------------------------------------------------------------

Clerk's Papers (CP) at 41, 45.
¶ 3 Mr. Torngren argued that his 1994 adjudications and 1996 convictions, respectively, should have been treated as the same criminal conduct.
*745 ¶ 4 The sentencing court concluded that Mr. Torngren's offender score on his third degree assault conviction was 9 and the score on his attempting to elude conviction was 11. The judgment and sentence reflects a "9+" offender score for each conviction. CP at 45.
¶ 5 The court imposed 60 months of confinement and 9 to 18 months of community custody on the third degree assault conviction. It imposed 29 months of confinement on the attempting to elude conviction. Both sentences run concurrently.

DISCUSSION
¶ 6 Mr. Torngren takes issue with the sentencing court's calculation of his offender score for several reasons. He contends that the two 1994 adjudications merge, are facially unconstitutional, or, at least, constitute the same criminal conduct for sentencing purposes. He makes these same arguments for the two 1996 convictions. Mr. Torngren also argues that the trial court imposed a term of community custody that exceeds the statutory maximum for his current third degree assault conviction.

MERGER DOCTRINE (DOUBLE JEOPARDY)
¶ 7 Mr. Torngren contends that the current sentencing court erred when it concluded that neither his 1994 juvenile adjudications nor his 1996 adult convictions merge.
¶ 8 But Mr. Torngren "has no right to contest a prior conviction at a subsequent sentencing." State v. Ammons, 105 Wash.2d 175, 188, 713 P.2d 719, 718 P.2d 796 (1986). Indeed, the argument is an improper collateral attack on the constitutionality of multiple prior convictions. Id. at 189. The sentencing court properly refused to pass on whether Mr. Torngren's 1994 adjudications or his 1996 convictions merged.

FACIAL INVALIDITY
¶ 9 Mr. Torngren next challenges the validity of the two 1996 adult convictions and the two 1994 juvenile adjudications. He relies on the information filed in each case, State v. Freeman, and In re Personal Restraint of Butler for the proposition that his prior convictions merge or are the same criminal conduct. State v. Freeman, 153 Wash.2d 765, 108 P.3d 753 (2005); In re Pers. Restraint of Butler, 24 Wash.App. 175, 599 P.2d 1311 (1979).
¶ 10 Freeman and Butler, however, are distinguishable. The defendants in Freeman and Butler directly challenged their multiple current convictions on the ground that they merged. Freeman, 153 Wash.2d at 769-70, 108 P.3d 753; Butler, 24 Wash.App. at 175-76, 599 P.2d 1311. Here, Mr. Torngren collaterally attacks his multiple prior convictions. Freeman and Butler, therefore, do not apply.
¶ 11 The court may base a defendant's current sentence on prior convictions so long as those convictions are constitutionally valid on their face. State v. Gimarelli, 105 Wash.App. 370, 375, 20 P.3d 430 (2001). A conviction is not "valid on its face" where the judgment and sentence shows the constitutional invalidity without further elaboration. Ammons, 105 Wash.2d at 188, 713 P.2d 719. Said another way, a constitutional flaw must be apparent from the judgment and sentence and any documents signed as part of any plea agreement for a conviction to be facially invalid. Gimarelli, 105 Wash.App. at 375-76, 20 P.3d 430.
¶ 12 Here, Mr. Torngren has not provided us with the judgment and sentence for his 1994 or 1996 convictions. He offers only different versions of the information filed in each case to argue their invalidity. That does not help. He has failed to produce the documents necessary for us to conduct a meaningful review of the validity of the challenged convictions. State v. Locati, 111 Wash.App. 222, 226, 43 P.3d 1288 (2002). We, therefore, conclude on what we have that the trial court properly considered Mr. Torngren's 1994 and 1996 convictions.

SAME CRIMINAL CONDUCT (SENTENCING)
¶ 13 Mr. Torngren next argues that both his 1994 adjudications and his 1996 convictions constitute the same criminal conduct for sentencing purposes. And he argues that the sentencing court here had to consider whether prior convictions constitute the same *746 criminal conduct. He is correct. RCW 9.94A.525(5)(a) provides:
In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
(i).... The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently or prior juvenile offenses for which sentences were served consecutively, whether those offenses shall be counted as one offense or as separate offenses using the `same criminal conduct' analysis.
¶ 14 The state Supreme Court first announced a test for "same criminal conduct" in State v. Dunaway.[1] The legislature codified this test in former RCW 9.94A.400(1)(a) (1987). Dunaway, 109 Wash.2d at 215-16. The announced standard of review for a determination of "same criminal conduct" is abuse of discretion. State v. French, 157 Wash.2d 593, 613, 141 P.3d 54 (2006); State v. Tili, 139 Wash.2d 107, 122, 985 P.2d 365 (1999); State v. Davison, 56 Wash.App. 554, 558, 784 P.2d 1268 (1990). That standard remains despite the codification of the "same criminal conduct" test in RCW 9.94A.589(1)(a).
¶ 15 The statutory elements for "same criminal conduct," however, are clear. And the test is described as "objective." Dunaway, 109 Wash.2d at 216-17 (referring to the criminal intent element). It seems to us, then, that we are in as good a position as the sentencing court to apply these objective standards to uncontroverted facts. A de novo standard of review of the question "same criminal conduct" would, then, seem more appropriate. See State v. Ustimenko, 137 Wash.App. 109, 115, 151 P.3d 256 (2007) (applying de novo standard to objective custodial interrogation test); see also In re Marriage of Hunter, 52 Wash.App. 265, 268, 758 P.2d 1019 (1988) (appellate court reviews uncontroverted written record independently).
¶ 16 Mr. Torngren contends that the trial court failed to address whether the specified prior convictions encompass the same criminal conduct. A sentencing court, again, must apply the same criminal conduct test to multiple prior convictions that a court has not already concluded amount to the same criminal conduct. RCW 9.94A.525(5)(a)(i). The court has no discretion on this. State v. Reinhart, 77 Wash. App. 454, 459, 891 P.2d 735 (1995); State v. Lara, 66 Wash.App. 927, 931-32, 834 P.2d 70 (1992).
¶ 17 The sentencing court here applied the test to Mr. Torngren's multiple prior convictions and concluded that none of them encompassed the same criminal conduct:
I looked at the charges and I found that regarding the prior convictions that are the subject matter of this particular offender score calculation that based upon that, that they did not merge. I do not believe those prior convictions merged or that a merger would be appropriate in this instance.
So, therefore, the offender score for calculation purposes would be an offender score calculated on those charges with those charges not merging.
Report of Proceedings (RP) at 194-95.
¶ 18 The court was talking about "same criminal conduct" although it used the word "merge." "Merge" refers to the merger doctrine, which, of course, implicates protections against double jeopardy. State v. Vladovic, 99 Wash.2d 413, 419 n. 2, 662 P.2d 853 (1983). But it can also refer to a "same criminal conduct" analysis for sentencing purposes. See State v. Johnson, 113 Wash.App. 482, 488, 54 P.3d 155 (2002). The court's discussion was clearly "for calculation purposes" for sentencing. RP at 195. The question for us, then, is whether the record supports the trial court's conclusion that these series of crimes do not amount to the same criminal conduct. State v. Anderson, 92 Wash.App. 54, 62, 960 P.2d 975 (1998).
¶ 19 Crimes encompass the same criminal conduct, and will be counted as one crime in criminal history, when they share the same (1) criminal intent, (2) time and *747 place, and (3) victim. RCW 9.94A.589(1)(a). Offenses do not constitute the same criminal conduct if any element is missing. State v. Maxfield, 125 Wash.2d 378, 402, 886 P.2d 123 (1994).

1994 Adjudications
¶ 20 We are not convinced that Mr. Torngren's 1994 offenses for attempted second degree robbery and third degree assault share the same criminal intent. Different versions of the information for these two offenses indicate that Mr. Torngren attempted to take the victim's coat and negligently caused bodily injury "in the commission of and immediate flight therefrom." CP at 62.
¶ 21 Two offenses share the same criminal intent when the offender's intent, objectively viewed, does not change from one crime to the next. State v. Vike, 125 Wash.2d 407, 411, 885 P.2d 824 (1994). We look at the underlying statutes and the intent necessary to commit each crime. State v. Rodriguez, 61 Wash.App. 812, 816, 812 P.2d 868 (1991). We also consider the facts shown at sentencing. Id.
¶ 22 Here, the intent for these two offenses is not the same. Second degree robbery does not have an intent requirement. RCW 9A.56.210. And Mr. Torngren had to act with criminal negligence to be guilty of third degree assault. RCW 9A.36.031(1)(f).
¶ 23 Next, the facts suggest that Mr. Torngren had a different intent for the attempted robbery than he did for the assault. Mr. Torngren apparently intended to rob the victim of his coat. He then intended to flee the crime scene after the robbery failed and assaulted the victim to facilitate his getaway.
¶ 24 We conclude, then, that the "same criminal intent" element was not satisfied here. See State v. Briggs, 55 Wash.App. 44, 68-69, 776 P.2d 1347 (1989). Mr. Torngren's 1994 offenses do not encompass the same criminal conduct.

1996 Convictions
¶ 25 Viewed objectively, Mr. Torngren's 1996 convictions for assault and robbery also do not share the same criminal intent. The record shows that Mr. Torngren and his male gang members assaulted the victim in a convenience store parking lot for disrespecting one of their members. Mr. Torngren fled after the gang beat the victim unconscious. Viewed objectively, the purpose of the assault was not to rob the victim. The purpose of the assault, objectively viewed, was retribution for disrespect.
¶ 26 A female gang member who remained at the scene after Mr. Torngren fled robbed the victim. She dragged the unconscious victim toward his car and then took $130 from his wallet. The objective intent for the robbery was to deprive the victim of his money. The purpose of the robbery, objectively viewed, was independent of the purpose of the assault. We conclude that Mr. Torngren's 1996 offenses do not encompass the same criminal conduct.
¶ 27 We, therefore, affirm the trial court's decision that neither Mr. Torngren's 1994 adjudications nor his 1996 convictions amount to the same criminal conduct. The court correctly calculated the offender score for each of Mr. Torngren's current convictions.

STATUTORY MAXIMUM SENTENCE  COMMUNITY CUSTODY
¶ 28 Finally, Mr. Torngren contends that the trial court imposed a sentence that exceeds the statutory maximum for third degree assault.
¶ 29 "We review a sentencing court's application of the community custody provisions of the Sentencing Reform Act of 1981, chapter 9.94A RCW, de novo." State v. Motter, 139 Wash.App. 797, 801, 162 P.3d 1190 (2007).
¶ 30 The trial court here sentenced Mr. Torngren to 60 months of confinement for his third degree assault conviction. It also imposed 9 to 18 months of community custody "or ... the period of earned release awarded pursuant to RCW 9.94A.728(1) and (2), whichever is longer." CP at 51.
¶ 31 Third degree assault is a class C felony. RCW 9A.36.031(2). The statutory maximum for third degree assault is, then, 60 months. RCW 9A.20.021(1)(c). The sentence also must include community custody *748 "for the community custody range established under RCW 9.94A.850 or up to the period of earned release awarded pursuant to RCW 9.94A.728(1) and (2), whichever is longer." RCW 9.94A.715(1). The community custody range for third degree assault is 9 to 18 months. WAC 437-20-010.
¶ 32 "[A] court may not impose a sentence providing for a term of confinement or... community custody which exceeds the statutory maximum for the crime." RCW 9.94A.505(5); State v. Hibdon, 140 Wash. App. 534, 538, 166 P.3d 826 (2007). Mr. Torngren complains that his total punishment, including confinement and community custody, improperly exceeds the statutory maximum sentence for third degree assault.
¶ 33 We have already concluded that a trial court may sentence a defendant to the statutory maximum, including community custody. Hibdon, 140 Wash.App. at 538, 166 P.3d 826. The sentence is valid when the judgment and sentence "set[s] forth the statutory maximum and clearly indicate[s] that the term of community [custody] does not extend the total sentence beyond that maximum." Id. (citing State v. Sloan, 121 Wash. App. 220, 224, 87 P.3d 1214 (2004)).
¶ 34 The judgment and sentence here sets out the statutory maximum but fails to state that Mr. Torngren's community custody term will not extend his sentence beyond 60 months. We, therefore, remand to the trial court to amend the judgment and sentence to expressly provide that Mr. Torngren's total terms of confinement and community custody must not exceed the statutory maximum sentence of 60 months. Id.; Sloan, 121 Wash. App. at 223-24, 87 P.3d 1214.
¶ 35 We affirm Mr. Torngren's offender scores and sentence. We remand for clarification of the judgment and sentence.
WE CONCUR: SCHULTHEIS, C.J., and BROWN, J.
NOTES
[1] State v. Dunaway, 109 Wash.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987).