158 P.3d 588 (2007)
In the Matter of the Personal Restraint Petition of Cole W. SHALE, Petitioner.
No. 78254-7.
Supreme Court of Washington, En Banc.
Argued January 11, 2007.
Decided May 24, 2007.
*589 Eric Nielsen, Nielsen Broman Koch, Seattle, for Appellant.
Kevin Michael Korsmo, Andrew J. Metts, Spokane County Prosecutor's Office, Spokane, for Respondent.
C. JOHNSON, J.
¶ 1 This case asks us to determine whether petitioner Cole Shale's several convictions for possession of stolen property and unlawful possession of payment instruments violate double jeopardy principles and constitute the "same criminal conduct" for sentencing purposes. The Court of Appeals dismissed all of Shale's claims. We affirm.

FACTUAL & PROCEDURAL HISTORY
¶ 2 In November 2004, Shale pleaded guilty to 12 crimes charged under 7 separate cause numbers in Spokane County Superior Court. Relevant to this case, Shale pleaded guilty to two counts of first degree possession of stolen property under cause number XX-X-XXXXX-X, and one count of the same crime under cause number XX-X-XXXXX-X. Additionally, Shale pleaded guilty to three counts of unlawful possession of payment instruments under cause number XX-X-XXXXX-X. The superior court calculated Shale's offender scores at 9+ after treating his crimes as separate from one another. Shale received concurrent standard range sentences on each cause number.
¶ 3 In February 2005, Shale moved to vacate his judgment and sentence as to each charge on only three of his seven cause numbers, claiming double jeopardy violations and errors in the calculation of his offender scores. Shale claimed no dispute on the remaining four cause numbers. The superior court transferred the case to Division Three of the Court of Appeals for consideration as a personal restraint petition, where the chief judge dismissed all of Shale's claims.[1] We granted discretionary review.

ISSUES
A. Whether Shale's multiple convictions for possession of stolen property and unlawful possession of payment instruments violate double jeopardy principles.
B. Whether the trial court erroneously failed to treat some of Shale's crimes as the "same criminal conduct" for offender score purposes.

ANALYSIS

Double Jeopardy
¶ 4 The double jeopardy clauses of the Washington State and United States Constitutions prohibit convicting a person more than once under the same criminal statute if he or she committed only one "unit" of the crime. State v. Tvedt, 153 Wash.2d 705, 710, 107 P.3d 728 (2005). Shale argues that his convictions violate double jeopardy principles because the counts of possession of stolen property and unlawful possession of payment instruments constitute one "unit of prosecution" rather than the separate units to which he pleaded guilty.
¶ 5 The State argues that Shale pleaded guilty to all of the cause numbers in an indivisible package deal and therefore may not challenge any part of that deal without challenging the entire deal by requesting withdrawal of all of his pleas. First, every one of Shale's guilty pleas were signed by Shale and entered on the same day, November 16, 2004; and all of Shale's guilty pleas were accepted on the same day, November 16, 2004, in the same proceeding. Second, each of Shale's guilty pleas references one another on page 3, section g, of his statement on plea of guilty. Section g provides the recommendation that the prosecuting attorney will make to the judge. In each *590 of Shale's statements on plea of guilty forms, the recommendation is for concurrent time to all matters pleaded to on the same day and a standard range sentence. Finally, all three cause numbers challenged by Shale issue from crimes he committed on the same day, July 2, 2004. Supplemental Br. of Resp't at 2. Shale does not request withdrawal of all of his pleas but asks only for "specific performance" of his plea agreements after vacation of the convictions that violate double jeopardy.
¶ 6 The State's position is supported by our previous holdings where we have held indivisible plea bargains involving multiple charges are found where pleas were made at the same time, described in one document, and accepted in a single proceeding. State v. Turley, 149 Wash.2d 395, 398, 69 P.3d 338 (2003); see also State v. Ermels, 156 Wash.2d 528, 541, 131 P.3d 299 (2006); State v. Bisson, 156 Wash.2d 507, 519, 130 P.3d 820 (2006).
¶ 7 In Turley, the State incorrectly represented to the defendant that no mandatory community placement would be required on one of two charges to which the defendant pleaded guilty. When Turley discovered the error, he requested to withdraw his entire plea agreement. We allowed Turley to do so because we reasoned that a plea agreement is essentially a contract made between a defendant and the State; and, under normal contract principles, it is dependent upon the intent of the parties whether a contract is considered separable or indivisible. Turley negotiated and pleaded guilty to two charges contemporaneously, and one document contained the plea to and conditions for both charges. The State argued to allow Turley to withdraw only one of the two charges to which he pleaded guilty. We disagreed and held that a trial court must treat a plea agreement as indivisible when pleas to multiple counts or charges were made at the same time, described in one document, and accepted in a single proceeding. Turley, 149 Wash.2d at 400, 69 P.3d 338.
¶ 8 Here, all of Shale's pleas were entered and accepted in the same proceeding, but the pleas were described in different documents. However, because the different documents challenged by Shale are for crimes he committed on the same day, and the documents were all signed the same day, and refer to one another, we find Shale is challenging only a portion of an indivisible package deal. Therefore, we find Shale cannot challenge a portion of the plea agreement. Accordingly, we affirm the Court of the Appeals' dismissal of these claims.

Same Criminal Conduct
¶ 9 Shale argues that the trial court erroneously failed to treat some of his crimes as the "same criminal conduct" for offender score purposes. See RCW 9.94A.589(1)(a).[2] In contrast, the State argues that Shale did not ask the trial court to make a discretionary call on the issue of "same criminal conduct." Specifically, the State asserts that without contesting the issue at the trial level and alerting the trial court to make a discretionary call, Shale waives his right to raise the issue now.
¶ 10 We have held that a sentence in excess of statutory authority is subject to collateral attack, that a sentence is excessive if based upon a miscalculated offender score (miscalculated upward), and that a defendant cannot agree to punishment in excess of that which the legislature has established. In re Pers. Restraint of Goodwin, 146 Wash.2d 861, 873-74, 50 P.3d 618 (2002). However, in Goodwin, we clarified that waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion. Goodwin, 146 Wash.2d at 873, 50 P.3d 618.
¶ 11 In fact, the rule we applied in Goodwin established that waiver may be found under certain circumstances, and we adopted an analogy from State v. Nitsch, 100 Wash. App. 512, 997 P.2d 1000, review denied, 141 Wash.2d 1030, 11 P.3d 827 (2000). In Nitsch, the defendant argued for the first time on appeal that the two crimes he was convicted of constituted the same criminal conduct and *591 therefore neither could be counted as part of his offender score for sentencing the other crime. He had, however, agreed in his own pre-sentence memorandum that his offender score had been properly calculated. The Court of Appeals noted that application of the same criminal conduct inquiry involves both factual determinations and the exercise of discretion. The court held that the defendant's "failure to identify a factual dispute for the court's resolution and . . . failure to request an exercise of the court's discretion" waived the challenge to his offender score. Nitsch, 100 Wash.App. at 520-23, 997 P.2d 1000.
¶ 12 We again adopt that reasoning and conclude that it controls in this case. Here, Shale agreed to the offender scores as part of his plea bargain, and he did not challenge the offender score computation. The relevant portion of the record provides:
The Court: Did Mr. Krzyminski [Shale's attorney] go over all of these standard sentencing ranges with you?
The Defendant: Yes.
The Court: Do you understand that the standard sentencing range is derived by looking at any prior countable criminal history in addition to looking at any concurrent offenses charged?
The Defendant: Yes, ma'am.
The Court: Do you understand or  I am going to explain to you what my understanding is and you tell me if this is your understanding. You had no prior felony history; is that correct?
The Defendant: None.
The Court: And that the reason we are looking at an offender score of 9 here is because of all of the concurrent offenses; is your [sic] understanding?
The Defendant: Yes.
The Court: All right. You understand that an offender score of 9 puts you at the top end of the standard sentencing ranges for all of these offenses?
The Defendant: Yes.
Verbatim Report of Proceedings at 14-15.
¶ 13 The statement of defendant on plea of guilty is signed by Shale in each of the seven cases, and those documents acknowledge the calculation of the offender score. Further, the record shows that Shale failed to ask the court to make a discretionary call of any factual dispute regarding the issue of "same criminal conduct" and he did not contest the issue at the trial level. Accordingly, we hold that Shale's offender scores are not now subject to challenge.
¶ 14 While we have recognized and granted relief from plea agreements in limited circumstances, those cases involved pleas, convictions, or sentences that were invalid on the face of the judgment and sentence. Here, no invalidity is apparent. Shale made no factual statements supporting the guilty pleas and instead allowed the judge to review the police reports and statement of probable cause supplied by the prosecution to establish a factual basis for the plea. These facts establish the separate nature of each charge. See Statement on Plea of Guilty, at 6 (Spokane County Super. Ct., Wash., Nos. 04-1-02713-7, 04-1-02873-7, 04-1-02816-8).
¶ 15 We affirm the Court of Appeals.
WE CONCUR: TOM CHAMBERS, SUSAN OWENS, and JAMES M. JOHNSON, JJ.
MADSEN, J. (concurring).
¶ 16 Cole Shale pleaded guilty to 12 crimes charged under 7 separate cause numbers. Relevant here, Shale pleaded guilty to two counts of first degree possession of stolen property under cause number XX-X-XXXXX-X and one count of first degree possession of stolen property under cause number XX-X-XXXXX-X. He also pleaded guilty to three counts of unlawful possession of payment instruments under cause number XX-X-XXXXX-X. Several months after his plea, Mr. Shale filed motions in superior court to modify or vacate his sentences, claiming double jeopardy precludes his convictions for three of these crimes.
¶ 17 Although I concur in the result reached by the majority, I write separately because, contrary to the majority's assertion, Mr. Shale did not move to withdraw his guilty pleas. Thus, the majority's discussion of State v. Turley, 149 Wash.2d 395, 398, 69 *592 P.3d 338 (2003), while accurate, does not address the double jeopardy challenges raised in Mr. Shale's petition for review.[1] Majority at 589-590.

Discussion
¶ 18 In this case Mr. Shale does not seek to withdraw any of his pleas of guilty. Rather, he claims that three of his convictions violate double jeopardy because they are based on the same conduct. It is well established that merely because a conviction may be the result of a plea agreement does not foreclose a challenge to that conviction on the grounds of double jeopardy. Blackledge v. Perry, 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In Menna v. New York, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), the United States Supreme Court held that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." See also In re Pers. Restraint of Butler, 24 Wash.App. 175, 178, 599 P.2d 1311 (1979) (double jeopardy claim not waived by the entry of plea to first degree assault and first degree robbery arising out of the same facts). Thus, where a double jeopardy violation is evident on the face of a judgment and sentence, a guilty plea does not foreclose a defendant from attacking a conviction through a personal restraint petition. Menna, 423 U.S. at 62 & n. 2, 96 S.Ct. 241 (a guilty plea does not waive a facial double jeopardy violation).
¶ 19 A corollary to this rule is that, if a defendant collaterally challenges a facially valid conviction and seeks to expand the record to show that the conviction violates double jeopardy, a guilty plea may, in some circumstances, be deemed a waiver of the double jeopardy claim. U.S. v. Broce, 488 U.S. 563, 575-76, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). As the Supreme Court pointed out in Menna, "[w]e do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that  judged on its face  the charge is one which the State may not constitutionally prosecute." Menna, 423 U.S. at 62 n. 2, 96 S.Ct. 241.
¶ 20 The first question then, is whether the judgments and sentences show on their face that the challenged convictions for possession of stolen property and unlawful possession of payment instruments violate double jeopardy principles.[2]
¶ 21 As the majority correctly notes, the double jeopardy clauses of the Washington and United States Constitutions prohibit convicting a person more than once under the same criminal statute if he committed only one "unit" of the crime. State v. Tvedt, 153 Wash.2d 705, 710, ¶ 10, 107 P.3d 728 (2005). Shale argues that his convictions violate double jeopardy principles in two ways. First, he contends that the two counts of first degree possession of stolen property under cause number XX-X-XXXXX-X and the one count of the same crime under cause number XX-X-XXXXX-X constitute one "unit of prosecution" because he committed those crimes at the same time. Second, Shale claims that two of the three counts of unlawful possession of payment instruments under cause number XX-X-XXXXX-X also constitute one "unit of prosecution" because they involved the same victim and were committed at the same time.
¶ 22 Turning first to the possession of stolen property charges, Shale correctly argues that simultaneous possession of various items of property stolen from multiple owners constitutes one unit of prosecution of the crime. State v. McReynolds, 117 Wash.App. 309, 335-40, 71 P.3d 663 (2003). Conversely, "[s]eparate, discrete possessions constitute separate units of prosecution." Id. at 339, 71 P.3d 663. Here, the judgments and sentences show on their face three convictions for possession of stolen property committed on the same date. From this evidence Mr. Shale argues that he committed only one unit of prosecution.
*593 ¶ 23 The judgments and sentences here do suggest that Mr. Shale's multiple convictions for possession of stolen property may violate double jeopardy. However, the unit of prosecution analysis articulated in McReynolds is not met merely by showing that the possession crimes were committed on the same date; more is required to show simultaneous possession.[3]
¶ 24 As to the three convictions for unlawful possession of payment instruments, whether they violate double jeopardy principles depends first on defining the "unit of prosecution" of that crime. The statute defining that crime, RCW 9A.56.320(2), provides a person is guilty of unlawful possession of payment instruments if he possesses two or more checks or payment instruments "[i]n the name of a person or entity, or with the routing number or account number of a person or entity, without the permission of the person or entity to possess such payment instrument, and with intent either to deprive the person of possession of such payment instrument or to commit theft, forgery, or identity theft." RCW 9A.56.320(2)(a)(i). By describing the crime as the possession of two or more payment instruments of "a person" with intent to deprive "the person" of those instruments, the statute clearly makes each person whose payment instruments are unlawfully possessed a unit of prosecution. Cf. State v. Ose, 156 Wash.2d 140, 148, ¶ 19, 124 P.3d 635 (2005) (each stolen access device constitutes a unit of prosecution of second degree possession of stolen property based on possession of "a stolen access device," RCW 9A.56.160(1)(c)). Thus, under the statute, each victim represents a single unit of prosecution.
¶ 25 Mr. Shale does not dispute that each victim constitutes a unit of prosecution. Rather, he contends that the three charges to which he pleaded guilty involved only two victims, not three. However, the number of victims is not evident from the face of the judgments and sentences and the amended charging documents do not reveal the names of the victims related to each count. As with the possession of stolen property convictions, it is necessary to go beyond the face of the judgment and sentence to determine whether double jeopardy is violated.
¶ 26 Turning to the record, the probable cause statements associated with the unlawful possession of stolen property charges show that all of the property was found in a search of Shale's truck. Suppl. Resp. to Pers. Restraint Pet., Attach. D (aff. of probable cause); Resp. to Pers. Restraint Pet., Attach. M (aff. of probable cause). The record also shows, however, that the State originally charged two of the counts as possession of a stolen firearm in violation of RCW 9.41.040.[4] Under RCW 9.41.040(7), each firearm constitutes separate units of prosecution, ("[e]ach firearm unlawfully possessed under this section shall be a separate offense"). Pursuant to a plea bargain, the State amended the information to charge Shale with two counts of first degree possession of stolen property under RCW 9A.56.150(1). The amended information specifies that firearms were among the items possessed. Suppl. Resp. to Pers. Restraint Pet., Attach. B (Am.Information).
¶ 27 With regard to the unlawful possession of payment instruments, the State originally charged three counts of unlawful possession of payment instruments because three different victims were involved. At the plea hearing the State informed the court that it was relying on the same victim for counts two and three as a matter of convenience, since one victim lived outside of Washington. Verbatim Report of Proceedings (VRP) at 5-6, 10 (Nov. 16, 2004).
¶ 28 On this record it is clear that the original charges do not violate double jeopardy. However, Mr. Shale makes a credible claim that the amended charges to which he pleaded guilty may violate double jeopardy. Accordingly, it is necessary to determine whether Mr. Shale waived his right to challenge these convictions, either explicitly or *594 through his actions in negotiating this plea agreement.
¶ 29 As mentioned earlier, in some circumstances waiver may be found where a defendant collaterally challenges a facially valid conviction. See Broce, 488 U.S. at 575-76, 109 S.Ct. 757; Menna, 423 U.S. at 62 n. 2, 96 S.Ct. 241. A waiver is an intentional relinquishment or abandonment of a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A defendant may waive a double jeopardy claim through some affirmative act which indicates waiver. Jeffers v. United States, 432 U.S. 137, 154, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (defendant waived double jeopardy by opposing government's motion to join two separate criminal prosecutions). "[T]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." United States v. Scott, 437 U.S. 82, 99, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).
¶ 30 The State moved to amend the charges here pursuant to a plea agreement, which Mr. Shale helped to fashion in order to preserve his right to argue for a first offender waiver at sentencing. At the sentencing hearing Mr. Shale's attorney, Thomas Krzyminski, told the court,
I would respectfully ask this court to consider first time offender. It is obviously an option. We have made sure, both Mr. [Robert] Sargent and I, that he was eligible on each one of these charges and that's why some were amended to make sure that he was eligible.
VRP at 45. In addition, the prosecutor, Mr. Sargent, complimented defense counsel during the hearing, stating,
I have to say on the record that defense counsel, in the State's opinion, has done a terrific job in that we have sat down and we have looked at these cases. We have hashed out these cases. Had it gone to trial and the State had  well, he could have faced substantially more time, in the State's opinion.
VRP at 33-34.
¶ 31 A defendant's participation in bringing about a double jeopardy violation can constitute a waiver of such violation. In Jeffers for example, the defendant was charged with committing a continuing criminal enterprise under 21 U.S.C. § 848 and conspiracy under 21 U.S.C. § 846. The government moved to consolidate the indictments for trial, which the petitioner and his codefendants opposed. The court denied the motion and the charges went forward in separate trials. Following convictions for both charges, the defendant argued that the convictions violated the prohibition against double jeopardy, contending that conspiracy was a lesser included offense of a continuing criminal enterprise under § 848. The Supreme Court rejected the defendant's argument, holding that the defendant had waived his right to complain that his consecutive trials violated double jeopardy because it was he who insisted on successive trials for the conspiracy offense and the continuing-criminal-enterprise offense. Jeffers, 432 U.S. at 154, 97 S.Ct. 2207.
¶ 32 As in Jeffers, Mr. Shale actively participated in the amendment of charges and in crafting the plea bargain in order to preserve his eligibility for a first offender waiver. This brought about the claimed double jeopardy violations. Accordingly, I would hold that Mr. Shale waived his right to complain that his convictions for possession of stolen property and unlawful possession of payment instruments violate the prohibition against double jeopardy and would affirm his convictions.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, MARY E. FAIRHURST, and BOBBE J. BRIDGE, JJ.
NOTES
[1] Order Dismissing Personal Restraint Petition, In re Pers. Restraint of Shale, No. 24046-1-III (Wash.Ct.App. Jan. 5, 2006).
[2] RCW 9.94A.589(1)(a) provides in relevant part: "[S]ame criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.
[1] See Supplemental Brief of Petitioner at 9 n. 2, wherein Mr. Shale explicitly states that he does not seek withdrawal of his plea.
[2] WASH. CONST. art. I, § 9; U.S. CONST. amend. V.
[3] For example, if the stolen property was held in different geographical locations, the possessions would likely constitute separate crimes.
[4] According to the record, one of the firearms was located during a search of a storage unit leased by Mr. Shale.