IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>MUMIN ADAN HUSSEIN,<br><br>Appellant. | No. 83661-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Mumin Hussein was charged with kidnapping in the first degree, assault in the second degree, and robbery in the first degree. Following a trial, the jury found Hussein guilty of the crimes of robbery in the first degree and guilty of the lesser included crime of assault in the fourth degree. Hussein contends that the convictions for first degree robbery and fourth degree assault violate double jeopardy because the same conduct supports both. He also challenges his sentence, claiming the trial court erred by not conducting a same criminal conduct analysis on his prior convictions when determining his offender score. We reverse and remand to vacate the conviction for fourth degree assault because it violates double jeopardy. Finding no other error, we affirm the sentence for first degree robbery.

FACTS

On October 2, 2018, Ruth Ruiz-Martinez drove to drop off supplies she had recently purchased to her husband Hector Cordova-Vasquez at the taco truck they both owned. She left the car idling in order to keep her son and

daughter, ages one and 16 respectively, warm in the back seat. While she was in the taco truck, Mumin Hussein entered and drove off in the car.

As Hussein was driving away, Cordova-Vasquez chased after the vehicle. Cordova-Vasquez caught up with the car and reached inside to grab the seatbelt to try to stop Hussein from driving away. Hussein pushed and hit Cordova-Vasquez in an attempt to dislodge him. Cordova-Vasquez fell from the vehicle and suffered injuries to his feet, legs, and arms. Hussein abandoned the vehicle after approximately ten minutes. The 16-year-old daughter then used her phone to call for help.

The State charged Hussein with kidnapping in the first degree, assault in the second degree, and robbery in the first degree. The jury convicted Hussein of robbery in the first degree and assault in the fourth degree. During sentencing, based on the parties' sentencing memoranda, the court calculated Hussein's offender score as seven based on his prior convictions. The standard range sentence for an individual with an offender score of seven is 87 to 116 months. The defense urged the court to consider an exceptional sentence downwards of 60 months. The State requested a sentence of the maximum 116 months. The judge sentenced Hussein to 96 months for robbery in the first degree and 364 days for assault in the fourth degree, with the sentences to be served concurrently.

Hussein timely appeals.

2

ANALYSIS

I.  Double Jeopardy

Hussein claims that the robbery and assault arise from the same action, that action being the struggle between Hussein and Cordova-Vasquez that resulted in injury to Cordova-Vasquez while he was hanging onto the car to try to get it to stop. Hussein argues that because this action is what elevated the crime of theft of a motor vehicle to first degree robbery, his conviction for both crimes violates the prohibition on double jeopardy. The State concedes that the convictions violate the prohibition on double jeopardy and asks this court to vacate the fourth degree assault conviction.

The State and federal Constitutions protect a defendant from receiving multiple punishments for the same crime, i.e., against double jeopardy. WASH. CONST. art. I, § 9; U.S. CONST. amend. V. Generally, double jeopardy is violated when a defendant receives multiple convictions for the same offense. State v. Freeman, 153 Wn.2d 765, 770-71, 108 P.3d 753 (2005). Furthermore, under the merger doctrine, when the legislature intends for a lesser crime to elevate the degree of another crime, double jeopardy can be violated if one of the crimes alleged is used to elevate another crime to a higher degree and the defendant is still prosecuted for both crimes. Id. at 772-73. For example, lesser included assault charges will merge into robbery charges when the definitions of both crimes include the same elements. State v. Kier, 164 Wn.2d 798, 805-06, 194 P.3d 212 (2008) (defendant's use of a gun while stealing a motor vehicle created

a feeling of fear sufficient to prove second degree assault and robbery in the first degree).

Here, Hussein was convicted of the lesser assault charge of fourth degree assault and first degree robbery. A person is guilty of robbery in the first degree when they unlawfully take another's personal property through the use of force or fear of injury and when they inflict bodily harm to the victim. State v. Truong, 168 Wn. App. 529, 535, 277 P.3d 74 (2012) (citing RCW 9A.56.190 and RCW 9A.56.200(1)(a)(iii)). Hussein's taking of the car established the taking of another's property. The evidence used to prove the assault, Hussein's use of force and creation of fear and the injuries Cordova-Vasquez sustained, was the same evidence that elevated the robbery to the first degree.

Given that the same actions were necessary to establish both the assault and robbery, the assault charge merged into the robbery charge. Hussein's convictions for both fourth degree assault and first degree robbery violated the prohibition on double jeopardy. Therefore, we accept the State's concession and reverse the fourth degree assault conviction.

II. Same criminal conduct and offender score

Hussein argues his offender score was erroneously calculated because RCW 9.94A.525 required the trial court to evaluate his prior convictions in order to determine if any of the concurrent convictions would constitute the same criminal conduct. The State argues that Hussein had the burden of proving his prior felonies constituted the same criminal conduct, and that by not affirmatively

raising the issue, Hussein waived his right to challenge his score calculation. We agree with the State.

Regarding calculating an offender's score, RCW 9.94A.525(5)(a) states,

> In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except: (i) Prior offenses which were found, under RCW 9.94A.589(1)(a), to encompass the same criminal conduct, shall be counted as one offense. . . . The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently . . . whether those offenses shall be counted as one offense or separate offenses using the "same criminal conduct" analysis found in RCW 9.94A.589(1)(a). . . .

(Emphasis added). In turn, RCW 9.94A.589(1)(a) defines "same criminal conduct":

> "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

We review matters related to offender scores, including whether prior offenses constitute the same criminal conduct, for an abuse of discretion. State v. Graciano, 176 Wn.2d 531, 537, 295 P.3d 219 (2013). "Under an abuse of discretion standard, the reviewing court will find error only when the trial court's decision (1) adopts a view that no reasonable person would take and is thus 'manifestly unreasonable,' (2) rests on facts unsupported in the record and is thus based on 'untenable grounds,' or (3) was reached by applying the wrong legal standard and is thus made 'for untenable reasons.' " State v. Sisouvanh, 175 Wn.2d 607, 623, 290 P.3d 942 (2012) (quoting State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

Under RCW 9.94A.525(5)(a)(i), it is mandatory for a sentencing judge to conduct a same criminal conduct analysis to determine a defendant's offender score. State v. Torngren, 147 Wn. App. 556, 563, 196 P.3d 742 (2008), abrogated on other grounds by Graciano, 176 Wn.2d 531. When conducting a same criminal conduct analysis, a sentencing judge " 'may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing.' " In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 875, 50 P.3d 618 (2002) (quoting RCW 9.94A.530(2)). As such, the burden is on the defendant to prove to the judge that either their present or previous crimes constitute the same criminal conduct: "each of a defendant's convictions counts towards his offender score unless he convinces the court that they involved the same criminal intent, time, place, and victim." Graciano, 176 Wn.2d at 540.

Failure of the defendant to identify a factual dispute as to whether prior offenses constitute the same criminal conduct waives the defendant's right to challenge their offender score. In re Pers. Restraint of Shale,160 Wn.2d 489, 495, 158 P.3d 588 (2007). For example, a defendant can waive the right to challenge an offender score by failing to object to their score calculation at sentencing. Id. at 496 (finding waiver where defendant agreed with the score at sentencing and failed to ask the court to make a discretionary call as to any factual dispute). An explicit agreement to a standard range for a sentence also waives the right to challenge an offender score, as it is "an implicit assertion that

[defendant's] crimes did not constitute the same criminal conduct." State v. Nitsch, 100 Wn. App. 512, 522, 997 P.2d 1000 (2000) (finding waiver where the defendant acknowledged standard range in his presentence report that could be arrived at only by calculating the offender score).

Here, Hussein argues that RCW 9.94A.525(5)(a)(i)'s requirement that a trial court "shall" conduct a same criminal conduct analysis is mandatory. Hussein is correct that the trial judge must consider same criminal conduct when calculating an offender score, but the sentencing judge need not conduct a review sua sponte of each prior conviction in order to determine a defendant's offender score without the defense offering some evidence or invitation to prove such a review is warranted. Nitsch, 100 Wn. App. at 525.

Hussein cites to State v. Lucero, 168 Wn.2d 785, 789, 230 P.3d 165 (2010), to argue that a failure to object to a State's assertion of criminal activity is not an affirmative acknowledgment and waiver of sentencing errors. But the issue in Lucero was whether the defendant had "affirmatively acknowledged" that his California convictions were comparable to Washington crimes by acknowledging his offender score. Id. at 788-89. The burden was on the State to establish the defendant's criminal history, which included finding comparable Washington crimes that would match with Lucero's Californian convictions. Id. at 787. Once criminal history has been established, the burden shifts to the defendant to prove their prior convictions constituted same criminal conduct. Graciano, 176 Wn.2d at 539. Thus, Lucero is distinguishable because there, the

7

inability to waive an offender score challenge was with respect to criminal history, an issue as to which the State had the burden of proof, whereas here, Hussein's challenge is to whether the prior convictions are the same criminal conduct, an issue as to which he has the burden.

Here, Hussein did not carry his burden of proving that the prior convictions constituted the same criminal conduct, but, rather, waived this argument. The State provided the trial court with certified copies of the prior convictions to review prior to sentencing, proving that Hussein had six prior counts of felony conduct, for an overall offender score of seven. Therefore, the State met its burden to establish Hussein's criminal history. At this point, the burden shifted to Hussein to show that his prior offenses constituted "same criminal conduct" or risk waiving a challenge to the offender score calculation. When asked if anything was not addressed before sentencing concluded, Hussein did not object to his offender score and offered no evidence to show that some of his prior convictions should be counted as "same criminal conduct." Hussein's sentencing memo was predicated on a sentencing range based on an offender score of seven; the memo focused on asking the trial judge for an exceptional sentence of 60 months instead of the standard range of 87-116. The lack of objection and acknowledgement of the offender score as specified in Hussein's sentencing memorandum created an implicit agreement with his offender score. See Nitsch, 100 Wn. App. at 518 (defendant waived the issue of same criminal conduct when he did not disagree with the range of time derived from the offender score merely

how many months of that range). Thus, Hussein failed to provide the trial judge with any reason to conduct a deeper analysis of his prior criminal conduct. We conclude that Hussein waived his right to challenge his offender score calculation.

Last, contrary to Hussein's suggestion, dismissal of the fourth degree assault charge does not impact his offender score and sentence. In determining Hussein's offender score the trial judge did not factor Hussein's assault charge into the offender score, as evidenced by the separate judgment and sentence on the misdemeanor assault. The court was clear that the 96-month sentence for the robbery was to run concurrently with the 364-day sentence for the assault. Therefore, it is unnecessary to remand for resentencing.

Accordingly, we reverse the fourth degree assault conviction and remand to vacate that conviction. We otherwise affirm.

Chung, J.

WE CONCUR:

Mann, J.

Dwyer, J.

9