**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.58233-3-II |
| Respondent, | |
| v. | |
| JAKE WALTERS KOSKI, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Jacob Koski appeals his sentence for a 2021 conviction of possession of heroin with intent to deliver, imposed after the trial court revoked his family offender sentencing alternative (FOSA). He claims that the trial court should have treated his four 2017 first degree criminal impersonation convictions as the same criminal conduct when calculating his offender score. Counting those convictions separately resulted in an offender score of 7 instead of 4. Koski also raises two issues in a statement of additional grounds (SAG). Finally, Koski argues that the $500 crime victim penalty assessment (VPA) must be stricken from the judgment and sentence.

We hold that (1) Koski waived his argument on appeal about his prior convictions being the same criminal conduct because he affirmatively acknowledged his offender score when he pleaded guilty to possession with intent to distribute and did not raise the same criminal conduct issue at sentencing; (2) we cannot consider Koski's SAG claims because they rely on matters

outside the record; and (3) as the State concedes, this case should be remanded to allow Koski to file a motion under RCW 7.68.035(4) to strike the VPA.

Accordingly, we affirm Koski's sentence, but we remand to allow Koski to file a motion under RCW 7.68.035(4) to strike the VPA.

FACTS

*2017 Convictions*

On April 25, 2016, Koski used another person's credit card for purchases at Home Depot at 12:47 PM and 4:32 PM. On April 26, 2016, he used the same credit card at Home Depot again for purchases at 6:15 PM and 6:19 PM.

In 2016, Koski was charged with second degree possession of stolen property and three counts of third degree theft. Koski subsequently entered into a plea agreement in which he agreed to plead guilty to four counts of first degree criminal impersonation. He also agreed that his offender score was 7. The related amended information expressly stated that the first two purchases were separate and distinct from each other and the third and fourth purchases were separate and distinct from each other.

Koski then signed a guilty plea statement in which he pleaded guilty to all four counts of first degree criminal impersonation, and acknowledged that his offender score was 7. The trial court entered a judgment and sentence stating that the offender score for each count was 7, which included points for three prior convictions and the three other current offenses.[1] Koski did not raise any issue regarding calculation of his offender score. The trial court sentenced Koski to 45 days confinement for each count, to run concurrently.

---

[1] An additional point was added because Koski was on community custody when the offenses were committed.

*2021 Conviction*

In 2021, Koski pleaded guilty to possession of a controlled substance with intent to deliver. In his guilty plea statement, Koski stated that he understood that his offender score was 7 with a standard sentencing range of 60+ to 120 months. During his guilty plea hearing, Koski affirmed orally that his offender score was 7.

The trial court entered a judgment and sentence stating that the offender score was 7, which included points for the four first degree criminal impersonation offenses, with a standard sentencing range of 60+ to 120 months. Koski did not raise any issue regarding calculation of his offender score. The court sentenced Koski to 12 months of community custody under a FOSA. The trial court also imposed a $500 VPA. The trial court did not identify Koski as indigent in the judgment and sentence.

In February 2022, the Department of Corrections (DOC) filed a notice of a FOSA violation in which Koski stipulated that he had consumed methamphetamine and heroin. In April 2022, DOC filed another notice of a FOSA violation, alleging that Koski had consumed various controlled substances. DOC recommended that the trial court revoke his FOSA sentence.

In May 2022, the trial court entered an order revoking Koski's FOSA. The court stated that it would sentence Koski to a prison-based drug offender sentencing alternative. The prosecutor stated that Koski's sentence would be based on half of the midpoint of the standard sentencing range, which was 90 months. Koski agreed with that calculation. Therefore, the court sentenced Koski to 45 months in confinement and 45 months of community custody. Koski did not raise any issue regarding calculation of his offender score.

*Motion for Resentencing*

In March 2023, Koski moved the trial court for resentencing to correct an error in the calculation of his offender score. He argued that the trial court improperly calculated his offender score because his four first degree criminal impersonation convictions were the same criminal conduct under RCW 9.94A.525(5)(a)(i) and should count as one offense for sentencing. Therefore, he claimed that his offender score should have been calculated as 4 with a standard sentencing range of 20+ to 60 months. With that standard sentencing range, his DOSA sentence should have been half of the 40 month midpoint or 20 months.

The trial court denied the motion. The court stated, "Everything by the Court shows it was the intent of the State and the intent of the Defense and the intent of the Court that these crimes were treated, at all times, as separate and distinct from each other." Rep. of Proc. at 90. Therefore, the court concluded that Koski had not met his burden of showing that the four first degree criminal impersonation convictions constituted the same criminal conduct.

Koski appeals the trial court's denial of his motion for resentencing and the imposition of the $500 VPA.

## ANALYSIS

A. SAME CRIMINAL CONDUCT UNDER RCW 9.94A.525(5)(a)(i)

Koski argues that the trial court should have granted his motion for resentencing because his four first degree criminal impersonation convictions constituted the same criminal conduct. The State argues that Koski waived the challenge to his sentence by affirmatively agreeing to his offender score and failing to raise the issue at sentencing. We agree with the State.

    1.    Legal Principles

Inherent in the sentencing scheme of the Sentencing Reform Act of 1981, chapter 9.94A RCW, "is a presumption that two or more current offenses and all prior offenses are counted separately in calculating an offender score." *State v. Jackson*, 28 Wn. App. 2d 654, 662, 538 P.3d 284 (2023), *review denied*, 2 Wn.3d 1027 (2024).

However, if the trial court "enters a finding that some or all of the current offenses encompass the same criminal conduct," those current offenses are counted as one offense for purposes of calculating a defendant's offender score. RCW 9.94A.589(1)(a). Similarly, prior offenses that were found to encompass the same criminal conduct must be counted as one offense. RCW 9.94A.525(5)(a)(i).[2] "The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently . . . whether those offenses shall be counted as one offense or as separate offenses using the 'same criminal conduct' analysis found in RCW 9.94A.589(1)(a)." RCW 9.94A.525(5)(a)(i).

Under RCW 9.94A.589(1)(a), two or more offenses constitute the same criminal conduct when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." Unless all three elements are present, the offenses are not the same criminal conduct. *State v. Canter*, 17 Wn. App. 2d 728, 741, 487 P.3d 916 (2021). The defendant has the burden of showing that the offenses constitute the same criminal conduct. *Id.*

We review the trial court's same criminal conduct determination for an abuse of discretion or misapplication of law. *Id.* Under this standard, a trial court abuses its discretion if the record supports only one conclusion regarding same criminal conduct and the court makes a

---

[2] RCW 9.94A.525 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language we rely on, we refer to the current statute.

contrary ruling. *Id.* at 742. But where "the record adequately supports either conclusion, the matter lies in the court's discretion." *Id.*

### 2. Waiver

The State argues that Koski waived his argument about the calculation of his offender score. We agree.

#### a. Legal Principles

The general rule is that "a defendant cannot waive a challenge to a miscalculated offender score." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002). However, there is a significant exception to this rule: "While waiver does not apply where the alleged sentencing error is a *legal error* leading to an excessive sentence, waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." *Id.*

In *State v. Nitsch*, the court held that a defendant's affirmative acknowledgement that the offender score was correctly calculated and the failure to raise a factual dispute regarding same criminal conduct issue constitutes a waiver of a challenge to the offender score on appeal. 100 Wn. App. 512, 522-23, 997 P.2d 1000 (2000). The court noted that "[a]pplication of the same criminal conduct statute involves both factual determinations and the exercise of discretion." *Id.* at 523. Waiver was appropriate because of the defendant's "failure to identify a factual dispute for the court's resolution and a failure to request an exercise of the court's discretion." *Id.* at 520.

The Supreme Court adopted the rule and reasoning of *Nitsch* both in *Goodwin*, 146 Wn.2d at 875, and in *In re Personal Restraint of Shale*, 160 Wn.2d 489, 494-95, 158 P.3d 588 (2007). The court in *Shale* stated,

6

> The statement of defendant on plea of guilty is signed by Shale in each of the seven cases, and those documents acknowledge the calculation of the offender score. Further, the record shows that Shale failed to ask the court to make a discretionary call of any factual dispute regarding the issue of "same criminal conduct" and he did not contest the issue at the trial level. Accordingly, we hold that Shale's offender scores are not now subject to challenge.

160 Wn.2d at 496.

*Nitsch*, *Goodwin*, and *Shale* all involved appeals regarding whether *current* convictions constituted the same criminal conduct under RCW 9.94A.589(1)(a). The issue here is whether then trial court should have found that the four *prior* first degree criminal impersonation convictions constituted the same criminal conduct under RCW 9.94A.525(5)(a)(i).

In *Jackson*, 28 Wn. App. 2d 654, Division One of this court addressed that issue. In that case, the defendant claimed that the trial court erred by sentencing him without conducting a same criminal conduct analysis of his prior convictions. *Id.* at 657. However, the defendant did not argue at sentencing that any of his prior offenses constituted the same criminal conduct. *Id.*

The court emphasized that there is a presumption that all prior offenses should be counted separately in calculating the offender score. *Id.* at 662. Therefore, the defendant has the burden of establishing that any prior convictions encompassed the same criminal conduct. *Id.* at 663. The court held that when the defendant makes no attempt to meet that burden and fails to request that the trial court exercise its discretion to find same criminal conduct, the trial court does not err by giving effect to the presumption that all prior offenses are counted separately. *Id.* The court expressly rejected the argument that RCW 9.94A.525(5)(a)(i) requires the trial court to sua sponte address same criminal conduct even when the defendant does not raise the issue. *Id.* at 663.

The court noted that its holding was consistent with the rule stated in *Nitsch* and *Shale* for current offenses. *Id.* at 664-65. The court stated, "Pursuant to that authority, a defendant may

7

not assert for the first time on appeal that a sentencing court erred by not considering whether two or more current convictions encompass the same criminal conduct." *Id.* at 665.

        b.    Analysis

Here, the trial court based Koski's initial FOSA sentence on his offender score of 7. Koski affirmatively acknowledged his offender score and the standard range sentence both in writing and in his oral plea colloquy with the trial court. And Koski did not assert that his prior first degree criminal impersonation convictions constituted the same criminal conduct.

Koski then violated the terms of his FOSA sentence, and was resentenced based on the offender score and standard sentencing range to which he agreed in his initial guilty plea. And his counsel agreed at resentencing that the DOSA sentence would be based on that same standard sentencing range. Again, Koski did not assert that his prior first degree criminal impersonation convictions constituted the same criminal conduct.

Koski argued for the first time in his motion for resentencing that his prior first degree criminal impersonation convictions constituted the same criminal conduct. But that motion came 10 months after his FOSA sentence was revoked and a prison-based DOSA sentence was imposed. By that time, he already had waived his same criminal conduct argument.

We note that the trial court addressed and rejected Koski's same criminal conduct argument on the merits. However, we can affirm on any basis supported by the record. *State v. Gudgell*, 20 Wn. App. 2d 162, 183, 499 P.3d 229 (2021).

Accordingly, we hold that Koski waived the argument that the trial court improperly calculated his offender score because his prior convictions allegedly were the same criminal conduct.

B.  SAG CLAIMS

Koski asserts in his SAG that (1) his trial counsel was ineffective for failing to communicate what his sentence would be after violating his FOSA conditions; and (2) DOC officers responsible for supervising his FOSA sentence improperly showed bias against him, resulting in his FOSA revocation.

But Koski's assertions rely entirely on matters outside the record.  As a result, we cannot consider them in this direct appeal.  *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).  These assertions are more properly raised in a personal restraint petition.  *Id*.

C.  CRIME VICTIM PENALTY ASSESSMENT

Koski argues that the $500 VPA should be stricken from the judgment and sentence under the recently amended RCW 7.68.035(4).  The State does not agree that the VPA should be stricken but concedes that this case should be remanded for the trial court to reassess imposition of the VPA under RCW 7.68.035(4).  We agree with the State.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3).  *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).  RCW 7.68.035(4) states that upon a defendant's motion, the trial court shall strike any VPA imposed before July 1, 2023 if the defendant is indigent as defined in RCW 10.01.160(3).

We remand to allow Koski to file a motion pursuant to RCW 7.68.035(4) to have the trial court to determine whether the VPA should be stricken.

CONCLUSION

We affirm Koski's sentence, but we remand to allow Koski to file a motion under RCW 7.68.035(4) to strike the VPA.

No.58233-3-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

VELJACIC, A.C.J.

LEE, J.