**FILED**
**JUNE 21, 2016**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33153-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROMAN LEE BONE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Following a conviction for second degree burglary, Roman Bone

challenges his sentence of fifty-three months confinement on the basis that the trial court

erred in calculating his offender score. Bone contends the trial court erred by not

categorizing two crimes committed on the same day and in the same location as the same

criminal conduct for purposes of sentencing. Bone also appeals the imposition of legal

financial obligations (LFOs). We refuse to address Bone's sentence because he did not

raise the validity of his offender score before the trial court. We strike the imposition of a

$750 court-appointed attorney fee recoupment, but affirm the imposition of the remaining

financial obligations.

## FACTS

On November 5, 2014, Moses Lake Police Department Corporal Aaron Hintz responded to a theft report at a Safeway store. Safeway identified Roman Bone as the thief, and Hintz found Bone outside of a Hastings Entertainment store near Safeway. After Hintz arrested Bone, Hastings asked Hintz to trespass Bone and Hintz complied.

On November 29, 2014, Hastings Entertainment employee, Ashlie Moreno, saw Roman Bone enter the Hastings store, and she alerted her manager. The manager spoke with Bone, but Bone denied that police had trespassed him. Bone later exited the store voluntarily.

On November 30, 2014, Roman Bone returned to Hastings again, and Ashlie Moreno contacted the Moses Lake Police Department. Aaron Hintz responded to the call and, upon Hintz's arrival at the store, he spotted Bone standing in the store near a rack of digital video disk (DVDs). Hintz arrested Bone for criminal trespass, escorted him to the patrol car, and found three DVD box sets hidden in Bone's clothing.

## PROCEDURE

The State of Washington charged Roman Bone with second degree burglary in violation of RCW 9A.52.030. Bone waived his right to a jury trial, and, after trial, the trial court found Bone guilty of the sole charge.

During the sentencing hearing, the trial court, based on Roman Bone's criminal history, calculated Bone's offender score as eight. Bone's criminal history included

convictions for two counts of possession of a controlled substance committed on the same day and in the same county. Our sentencing court made a notation "did not encompass" next to these two counts on Bone's judgment and sentence. Clerk's Papers (CP) at 36. Based on Roman Bone's offender score, the trial court sentenced Bone to fifty three months' confinement, within the standard range of 43-57 months.

During sentencing, the court imposed $1,450 in legal financial obligations. The obligations included a $500 victim assessment fee, a $200 criminal filing fee, and a $750 fee for the court-appointed attorney. The court inquired into Bone's financial status:

> Judge: Does Mr. Bone have a long term financial—or ability to pay legal financial obligations?
> [Defense]: Let's say very long term.

Report of Proceedings (Feb. 23, 2015) at 41. During sentencing, Roman Bone did not contest the offender score or the imposition of legal financial obligations.

## LAW AND ANALYSIS

### Offender Score

Roman Bone contends that the trial court erred in calculating his offender score. Bone argues that the trial court did not consider whether two prior convictions constituted the same criminal conduct under RCW 9.94A.525(5)(a)(i). The State argues that by failing to object at sentencing, Bone waived his right to challenge the calculation. We agree with the State.

3

Generally, issues not raised in the trial court may not be raised for the first time on appeal. RAP 2.5(a); *State v. Nitsch*, 100 Wn. App. 512, 519, 997 P.2d 1000 (2000). A sentence within the standard range for an offense shall not be appealed. RCW 9.94A.585(1). Roman Bone's sentence was within the standard range and he did not challenge the calculation of the offender score at sentencing. Washington decisions show an unwillingness to address this issue when it is not raised at sentencing. *In re Pers. Restraint of Shale*, 160 Wn.2d 489, 495-96, 158 P.3d 588 (2007); *State v. Jackson*, 150 Wn. App. 877, 892, 209 P.3d 553 (2009); *State v. Nitsch*, 100 Wn. App. at 512.

## Legal Financial Obligations

The trial court imposed an obligation on Roman Bone to pay a $500 victim assessment fee and a $200 criminal filing fee. RCW 7.68.035 and RCW 36.18.020(2)(h) respectively mandate these fees regardless of the defendant's ability to pay. Trial courts must impose these fees regardless of a defendant's indigency. *State* v. *Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). We affirm the imposition of the $700 in mandatory financial obligations.

Roman Bone contends that the trial court improperly imposed on him the payment of $750 in attorney fees without considering his financial resources under RCW 10.01.160(3). Bone did not object to the challenged obligations before the trial court. We exercise our discretion in reaching the issue and strike the $750 obligation.

4

Courts may impose legal financial obligations if a defendant has or will have the financial ability to pay them. RCW 10.01.160; RCW 9.94A.760(2); *State v. Curry*, 118 Wn.2d 911, 914-16, 829 P.2d 166 (1992). RCW 10.01.160(3) proscribes:

> The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

In *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), the Washington Supreme Court clarified that RCW 10.01.160(3) requires the trial court "do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry." Rather, the "record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay." *Blazina*, 182 Wn.2d at 838. This inquiry includes evaluating a defendant's financial resources, incarceration, and other debts, including restitution. *Blazina*, 182 Wn.2d at 838-39.

RAP 2.5(a) provides, in relevant part: "The appellate court may refuse to review any claim of error which was not raised in the trial court." In *State v. Blazina*, our high court clarified: "A defendant who makes no objection to the imposition of discretionary LFOs at sentencing is not automatically entitled to review." *Blazina*, 182 Wn.2d at 832 (footnote omitted). "Each appellate court must make its own decision to accept discretionary review [of claimed LFO errors not appealed as a matter of right]." *State v. Blazina*, 182 Wn.2d at 835. Nevertheless, the *Blazina* court clarified that a challenge to

5

the trial court's entry of an LFO order under RCW 10.01.160(3) is ripe for judicial determination. *Blazina*, 182 Wn.2d at 832 n.1.

The *Blazina* court noted reasons for review of legal financial obligations before collection activities. A judgment for legal financial obligations accrues interest at a high rate, employment and housing background checks show an active record in the superior court as a result of the obligations, and the judgment for the financial obligations impairs the obligor's credit. In short, pending legal financial obligations increase the difficulty of a defendant in reentering society. Therefore, we follow the spirit and purpose of both RCW 10.01.160 and *Blazina* by reviewing the record here to determine whether the trial court engaged in an inquiry as to Roman Bone's ability to pay financial obligations.

The record shows only a perfunctory inquiry into Roman Bone's financial ability to pay financial obligations. The trial court engaged in no inquiry into Bone's financial assets and debts. When the trial court fails to conduct an individualized inquiry, we generally remand the judgment and sentence to the trial court with instructions to reset the defendant's legal financial obligations after conducting the required inquiry into his present and future ability to pay. Because Bone's trial judge has retired, we instead remand and direct the trial court to strike the $750 obligation.

Because Roman Bone is indigent and his appeal has merit, we exercise our discretion under RCW 10.73.160(1) and RAP 14.2 to not award costs to the State. Rule

6

No. 33153-9-III
*State v. Bone*

14.2 gives appellate court judges the discretion to deny costs, even to a prevailing party. *State v. Stump*, No. 91531-8, slip op. at 5 (Wash. April 28, 2016).

CONCLUSION

We affirm Roman Bone's sentence of fifty-three months of incarceration. We remand the case to the trial court to delete the $750 obligation imposed on Roman Bone for attorney fees. We affirm the imposition of all other legal financial obligations.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

I CONCUR:

_____
Pennell, J.

7

No. 33153-9-III

SIDDOWAY, J. (dissenting in part) — Roman Bone did not object when discretionary legal financial obligations were imposed at the time of sentencing. I would follow the general rule and decline to consider his challenge for the first time on appeal for the reasons set forth in *State v. Duncan*, 180 Wn. App. 245, 327 P.3d 699 (2014), *aff'd*, No. 90188-1 (Wash. Apr. 28, 2016), and in my concurring opinion in *State v. Munoz-Rivera*, 190 Wn. App. 870, 896, 361 P.3d 182 (2015). I otherwise concur in the majority opinion.

_____

Siddoway, J.